**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARY P. JACOBS, ON HER OWN**
**BEHALF AND ON BEHALF OF THOSE**
**SIMILARLY SITUATED,**

            **Plaintiffs,**

-vs-                                         Case No. 6:07-cv-1982-Orl-28KRS

**KINGSWERE FURNITURE, LLC,**

            **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION REQUESTING APPROVAL OF SETTLEMENT AGREEMENTS AND ENTRY OF AN ORDER OF DISMISSAL (Doc. No. 64)** |
| **FILED:** | **February 5, 2009** |

This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. In their Joint Motion, the parties contend they have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

The settlement agreement indicates Plaintiff Jacobs and the twenty-three other Opt-in Plaintiffs compromised their FLSA claims, as denoted in the table below (Docket Number in [brackets]):

| Plaintiff | Unpaid Wages | Liquidated Damages | Settlement Amount | Attorneys' Fees and Costs |
|---|---|---|---|---|
| Mary Jacobs | $6,320.00 [16-2] | $6,320.00 [16-2] | $3,598.78 [64-2] | $729.17 [64-2][1] |
| Carlos Rodriguez | $1,400.00 [16-3] | $1,400.00 [16-3] | $ 775.60 [64-16] | $729.17 [64-16] |
| Natalia Calvar | $2,200.00 [16-4] | $2,200.00 [16-4] | $1,054.18 [64-4] | $729.17 [64-4] |
| Michelle Bare | $6,000.00 [46-2] | $6,000.00 [46-2] | $2,978.30 [64-3] | $729.17 [64-3] |
| Tyrone Cobb | $1,600.00 [46-2] | $1,600.00 [46-2] | $1,420.48 [64-5] | $329.17 [64-5] |
| Vernon Coulter | $4,950.00 [46-4] | $4,950.00 [46-4] | $2,481.92 [64-6] | $729.17 [64-6] |
| Bradley Darga | $5,900.00 [46-2] | $5,900.00 [46-2] | $2,068.68 [64-7] | $729.17 [64-7] |
| Jan De Muesy | $2,105.46 [46-2] | $2,105.46 [46-2] | $ 302.16 [64-8] | $729.17 [64-8] |
| Janis Diamond | $2,790.00 [46-2] | $2,790.00 [46-2] | $1,240.96 [64-9] | $729.17 [64-9] |
| Kathleen Dolan | $2,190.00 [46-2] | $2,190.00 [46-2] | $1,240.96 [64-10] | $729.17 [64-10] |
| Steven Frevola[2] | $1,400.00 [46-2] | $1,400.00 [46-2] | $2,627.37 [64-11] | $729.17 [64-11] |
| Melissa Gant[3] | $20,571.43 [46-2] | $20,571.42 [46-2] | $2,407.58 [64-12] | $729.17 [64-12] |
| Kevin Harris[4] | $765.00 [46-2] | $765.00 [46-2] | $ 412.62 [64-13] | $729.17 [64-13] |

---

[1] The Attorneys' Fees and Costs column reflects the amount stated in each settlement agreement. I note that some of the attorneys' fees agreed to as to individual plaintiffs are less than 40% of the damages to be paid to the plaintiff There is no indication that Morgan & Morgan has agreed to accept that amount as full payment of its fees and costs under the fee agreement between each plaintiff and the law firm.

[2] Frevola's Settlement Agreement is not signed by Defendants

[3] Gant's Settlement Agreement is not signed by Defendants.

[4] Harris's Settlement Agreement is not signed by Defendants.

| | | | | |
|---|---|---|---|---|
| Marie Haskins | $4,650.00 [46-2] | $4,650.00 [46-2] | $2,393.18 [64-14] | $729.17 [64-14] |
| Josue Morales | $4,080.00 [46-2] | $4,080.00 [46-2] | $ 974.76 [64-15] | $729.17 [64-15] |
| Ronald Romney | $6,825.00 [46-2] | $6,825.00 [46-2] | $2,998.16 [64-17] | $729.17 [64-17] |
| Frances Sabo | $4,050.00 [46-2] | $4,050.00 [46-2] | $2,109.62 [64-18] | $729.17 [64-18] |
| Robert Scagnelli | $1,375.00 [46-2] | $1,375.00 [46-2] | $ 699.90 [64-19] | $729.17 [64-19] |
| Bill Short | $1,100.00 [46-2] | $1,100.00 [46-2] | $ 611.16 [64-20] | $729.17 [64-20] |
| Scott Stacy | $440.00 [46-2] | $440.00 [46-2] | $ 248.18 [64-21] | $729.17 [64-21] |
| James Stelmack | $4,560.00 [46-2] | $4,560.00 [46-2] | $2,357.82 [64-22] | $729.17 [64-22] |
| Michael Stenglein[5] | $3,400.00 [46-2] | $3,400.00 [46-2] | $1,861.44 [64-23] | $729.17 [64-23] |
| Julie Troup | $977.50 [46-2] | $977.50 [46-2] | $ 558.44 [64-24] | $729.17 [64-24] |
| Jason Velazquez | N/A[6] | N/A | $ 496.38 [64-25] | $729.17 [64-25] |

The parties do not indicate whether a contract between Plaintiffs and their counsel, or any other agreement, could reduce Plaintiffs' recovery if the Court determines the aggregate negotiated award of attorney's fees is not a "reasonable attorney's fee" under the FLSA. 29 U.S.C. § 216(b).

In order to determine whether these proposed settlements are reasonable, counsel for Plaintiffs must disclose the extent to which any plaintiff's FLSA claims have, will, or could be compromised by deduction of attorneys' fees, costs, or expenses, whether pursuant to a contract between the plaintiff Plaintiffs and counsel or otherwise. Plaintiffs must also establish that the attorney's fees awarded to counsel for Plaintiffs constitute "a reasonable attorney's fee" under the FLSA. *See Silva v. Miller*, No.

---

[5] Stenglein's Settlement Agreement is not signed by Defendants.

[6] Although counsel for Plaintiffs indicated Velazquez's answers to the Court's interrogatories were attached with other Opt-in Plaintiff interrogatory answers, Velazquez's answers were missing from the filing. *See* Doc. No. 46

08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009);[7] *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

Plaintiffs "'bear[] the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)). A plaintiff may not simply aver that a particular hourly rate is reasonable, but must offer independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate in the relevant geographic area. Such evidence may include the opinion of an expert witness[8] and citation to cases in which other courts have established through an expressed lodestar analysis a reasonable hourly rate for the professional seeking fees in the relevant geographic area.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman v. Hous. Auth.*, 836 F.2d at 1303. At a minimum, this requires submission of contemporaneously recorded time records showing the individual who performed the work, the description of the tasks performed, and the number of hours worked on each task.

---

[7] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6. Although the mandate has not yet issued in the *Silva* case, the Court finds the opinion to be persuasive authority.

[8] *See, e.g., Banner Group Corp. v. United States*, Case No. 6:06-cv-706-Orl-22KRS, Doc. No. 113-10 (expert witness declaration regarding reasonable attorneys' fees).

**Counsel for Plaintiffs is reminded that a document preservation order remains in effect as to the time records in this case entered on or before January 5, 2009.** *See Varela v. Innovative Writing Solutions, Inc.*, **Case No. 6:07-cv-165-Orl-28KRS, doc. no. 64 (M.D. Fla. Jan. 5, 2009), which order is incorporated herein by reference. This document preservation order prohibits Plaintiffs' counsel, Morgan & Morgan, P.A. and others from changing the time records in any way, including altering the initials of the recorder or timekeeper or the hourly rate or amount. Failure to comply with that order may result in sanctions. See, e.g., Fed. R. Civ. P. 16(f).**

Accordingly, it is **ORDERED** that on or before February 16, 2009, counsel for Plaintiffs shall file:

1. A sworn declaration setting forth the calculation used to determine the precise final distribution of settlement funds, after deduction of taxes and withholding, among Plaintiffs' FLSA compensation and liquidated (or other) damages (if any), and attorney's fees including costs/expenses, after application of any fee agreement between each plaintiff and counsel;

2. In support of his sworn declaration, counsel for Plaintiffs must file the following:

    a. a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals, the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.), the hourly rate for each individual who performed any task, and the number of hours spent on each task;

    b. a statement of all costs and expenses incurred;

    c.    fully executed copies of the settlement agreements for Plaintiffs Frevola, Gant, Harris, and Stenglein;

    d.    a statement advising the Court whether and to what extent any fee agreement, or other agreement, between Plaintiffs and Plaintiffs' counsel could decrease Plaintiffs' recovery if the Court determines that a reasonable attorney's fee under the FLSA is less than the amount contemplated in the proposed settlement agreements.

**DONE** and **ORDERED** in Orlando, Florida on February 9, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE